```
1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Dr., Suite A
3  Oakland, CA 94612
   (510) 832-5001
4
   Attorneys for Plaintiff:
5  CHRISTINA ADAMS
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ADAMS | CASE NO.<br>Civil Rights |
| Plaintiff, | |
| v. | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (CALIFORNIA CIVIL CODE § 54, § 54.1, § 55; CALIFORNIA HEALTH & SAFETY CODE §§ 19955 et seq.; INJUNCTIVE RELIEF PER TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990** |
| GAETANO BALSAMO dba BELLA ROMA RESTAURANT; DOES 1 through 35, Inclusive, | |
| Defendants. | |
| _____/ | DEMAND FOR JURY TRIAL |

Plaintiff CHRISTINA ADAMS complains of defendants GAETANO BALSAMO dba BELLA ROMA RESTAURANT and DOES 1 through 35, Inclusive, and allege as follows:

**INTRODUCTION**:

1. Plaintiff CHRISTINA ADAMS is a physically disabled person, due to multiple sclerosis, who cannot walk and who requires use of a wheelchair for mobility. Defendants have failed to provide an accessible path of travel and entrance into the public

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -1-        F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1 restaurant, known as Bella Roma Restaurant, located in the City of
2 Santa Cruz, and also failed to provide disabled accessible public
3 restroom facilities, and other related public facilities that are
4 accessible to and usable by physically disabled persons including
5 wheelchair users, despite defendants obligations under California's
6 Disabled Rights Acts, and under Title III of the federal Americans
7 With Disabilities Act of 1990. As a result, plaintiff has suffered
8 humiliating damages when she was unable to enter through any public
9 entrance and was required to and directed to take a long and
10 circuitous route, around the block through an unlit route, then
11 through a back fence and back door, and finally through the kitchen
12 just to enter the restaurant.

14 **JURISDICTION AND VENUE**:

15     2. This Court has jurisdiction of this action pursuant
16 to 28 USC §1331 for violations of the Americans with Disabilities
17 Act of 1990, 42 USC §§ 12101 et seq. Pursuant to pendant
18 jurisdiction, attendant and related causes of action, which arose
19 from the same facts, are also brought under California law,
20 including but not limited to violations of California Health &
21 Safety Code §§ 19955-59; California Code of Regulations, Title 24;
22 and California Civil Code §§ 54, and 54.1.

23     3. Venue is proper in this court pursuant to 28 USC
24 §1391(b) and is founded on the fact that the real property that is
25 the subject of this action is located in this district and that
26 plaintiff's causes of action arose in this district.
27 ///
28 ///

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -2- F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION (Cal. Health & Safety Code §§19955 et seq., and Cal. Civ. Code §54.1)**

4. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 3 of this Complaint, and incorporate them herein as if separately repled.

5. Defendants, GAETANO BALSAMO dba BELLA ROMA RESTAURANT and DOES 1 through 35, Inclusive, are the owners, operators, lessors, and lessees of the BELLA ROMA RESTAURANT located at 316 Capitola Ave., City of Capitola, and County of Santa Cruz, State of California. The Bella Roma Restaurant is a large public restaurant which requires climbing a flight of approximately six stairs at the only public entrance. On information and belief, this restaurant was originally constructed as a commercial facility in 1975 without compliance with the then existing disabled access requirements of § 19955 California Health and Safety Code in multiple respects, including the requirements for an accessible public entrance and accessible public restrooms.

6. Plaintiff CHRISTINA ADAMS is a "person with a disability" or "physically handicapped person." (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the Disabled Rights Acts, Civil Code §§54, 54.1 and 54.3 and other statutory measures refer to the protection of the rights of "individuals with disabilities.") Plaintiff is unable to

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -3-  F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  walk due to multiple sclerosis and requires the use of a motorized
2  wheelchair for mobility, and is unable to use portions of public
3  facilities that are not accessible to disabled persons who require
4  the use of a wheelchair.

5        7.  Plaintiff CHRISTINA ADAMS and other similarly
6  situated physically disabled persons who require the use of a
7  wheelchair, are unable to use public facilities on a "full and
8  equal" basis unless each such facility is in compliance with the
9  provisions of Health & Safety Code §§19955 et seq.  Plaintiff is
10 member of that portion of the public whose rights are protected by
11 the provisions of Health & Safety Code section 19955 et seq.

12       8.  Section 19955 of the Health & Safety Code was
13 enacted "To ensure that public accommodations or facilities
14 constructed in this state with private funds adhere to the
15 provisions of Chapter 7 (commencing with §4450) of Division 5 of
16 Title 1 of the Government Code."  Such public accommodations are
17 defined to include restaurants, such as defendants' restaurant.
18 Further, Health & Safety Code section 19955 has also required since
19 1970 that, "[w]hen sanitary facilities are made available for the
20 public, clients or employees in such accommodations or facilities,
21 they shall be made available for the physically handicapped."
22 Title 24, California Code of Regulations, formerly known as the
23 California Administrative Code, was in effect at the time of each
24 alteration which, on information and belief, occurred at such
25 public facility since January 1, 1982, thus requiring access
26 complying with the specifications of Title 24 whenever each such
27 "alteration, structural repair or addition" was carried out. Title
28 24 imposes additional access requirements which, on information and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-    F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

belief, defendants have not complied, including additional requirements for accessible restrooms which serve the areas of alteration, and an accessible path of travel from the public right of way to the office entrance and public areas of the restaurant. On information and belief, construction and alterations also occurred after January 1, 1982 that triggered access requirements into this restaurant, per Title 24. All alteration and construction work done after January 1, 1982, were governed by Title 24 of the California Code of Regulations building standards, which imposed access requirements at the time of each such alteration, including a fully accessible entranceway to the building, an accessible public path of travel to all facilities, and fully accessible restrooms servicing each area of alteration.

9. In addition to Title 24 requirements, the requirements of § 19955-59 continued to apply during the period after 1982. On information and belief, although defendants and their predecessors in interest purported to obtain "hardship exceptions" with regard to certain alterations carried out at the premises after 1982, such "exceptions" were not conditioned on provision of "equivalent facilitation" as to wheelchair entrance, as required by § 19957 Health and Safety Code, and did not relieve the prior or subsequent owners and operators of the restaurant from providing "full and equal" access to physically disabled persons, based on the initial 1975 construction of the building and/or alternatively on subsequent alterations of the building.

10. Plaintiff is informed and believes that each of the named defendants herein, including GAETANO BALSAMO dba BELLA ROMA RESTAURANT, and DOES 1 through 35, Inclusive, are and were the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -5-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  owners, operators, lessors and/or lessees of the subject restaurant
2  at all times relevant to this complaint. Plaintiff is informed and
3  believes that each of the defendants herein is the employer, agent,
4  ostensible agent, alter ego, master, servant, trustor, trustee,
5  employer, employee, representative, franchiser, franchisee, lessor,
6  lessee, joint venturer, parent, subsidiary, affiliate, related
7  entity, partner, and/or associate, or such similar capacity, of
8  each of the other defendants, and was at all times acting and
9  performing, or failing to act or perform, within the course and
10 scope of such similar aforementioned capacities, and with the
11 authorization, consent, permission or ratification of each of the
12 other defendants, and is personally responsible in some manner for
13 the acts and omissions of the other defendants in proximately
14 causing the violations and damages complained of herein, and have
15 participated, directed, and have ostensibly and/or directly
16 approved or ratified each of the acts or omissions of each other
17 defendant, as herein described. Plaintiff will seek leave to amend
18 when the true names, capacities, connections, and responsibilities
19 of defendants GAETANO BALSAMO dba BELLA ROMA RESTAURANT, and DOES
20 1 through 35, Inclusive, are ascertained. References to
21 "Defendants," unless otherwise specified, shall be deemed to refer
22 to all defendants and each of them.
23         11.  On or about January 17, 2003 at about 7:00 pm in the
24 evening, plaintiff CHRISTINA ADAMS drove to the Bella Roma
25 Restaurant with her husband in their disabled licensed van in order
26 to have dinner. When they arrived at the restaurant vicinity, they
27 did not see any accessible or van-accessible parking, but were able
28 to use public street parking and plaintiff was able to disembark

**LAW OFFICES OF**
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-        F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  from the van in her motorized wheelchair. On information and
2  belief, defendants maintain a small parking lot at the rear of
3  their building, but do not offer any accessible or van accessible
4  parking spaces. When they arrived at the only public entrance at
5  the front of the restaurant, this entrance was blocked to
6  wheelchair access by approximately six (6) stairs; there was no
7  sign advising of any other route and no buzzer, speaker phone or
8  other devise to allow disabled persons such as plaintiff to notify
9  the restaurant operators of the presence outside of a disabled
10 person who wished to enter the restaurant. Plaintiff's husband,
11 Don Adams, went up the stairs to seek assistance, and was directed
12 by defendants' staff to take his wife around to the back door of
13 the restaurant as the only form of disabled access. Defendants
14 sent no one from the restaurant outside to assist plaintiff.
15         12. Following directions from defendants' agents,
16 plaintiff and her husband went down the block and around the corner
17 on the public sidewalk, through a small and unlit parking lot in
18 the dark, through an unmarked fence that plaintiff's husband was
19 able to enter and along an unmarked pathway which led to a back
20 door which led into the kitchen of the restaurant. Plaintiff then
21 had to go in her wheelchair through the kitchen, with her husband,
22 as the only route into the restaurant. Once plaintiff got inside
23 the restaurant, defendants advised plaintiff and her husband that
24 the only seating that was available for them was a very
25 unsatisfactory table located immediately next to the door to the
26 kitchen, through which staff were constantly entering and leaving.
27 Upset by the lack of proper accommodations, and by the third class
28 route they'd been required to use to enter the restaurant,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-        F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  plaintiff and her husband decided to leave, and had to go back
2  through the kitchen and darkened rear exit pathway in order to do
3  so.
4        13.  On information and belief, and based on subsequent
5  investigation by plaintiff's representatives, plaintiff alleges
6  that both the public women's and the men's restroom facilities are
7  also inaccessible to persons with disabilities in multiple aspects.
8  Plaintiff requests that the Court order that these inaccessible
9  restrooms be brought into compliance with all applicable code
10 requirements, or, alternatively, that a new, disabled accessible
11 restroom should be constructed, pursuant to the injunctive powers
12 of this Court.  The men's restroom is also inaccessible for
13 disabled men to use and also should be made accessible without the
14 necessity of a separate lawsuit.
15       14.  Due to defendants' continued failure to provide any
16 disabled wheelchair access to the restaurant, plaintiff has faced
17 the continuing discrimination of being barred from entering the
18 restaurant.  Plaintiff has continued to suffer denial of access to
19 this restaurant on a daily basis since the date of her visit, all
20 to her damages pursuant to Civil Code §54.3.
21       15.  As a result of the denial of "full and equal access"
22 to the facilities of the Bella Roma Restaurant, due to the acts and
23 omissions of defendants and each of them in owning, operating,
24 leasing, constructing, altering, and maintaining the subject
25 facility, plaintiff CHRISTINA ADAMS suffered a violation of her
26 Civil Rights including, but not limited to rights under Civil Code
27 §§54 and 54.1, and suffered physical discomfort, mental and
28 emotional distress, embarrassment and humiliation, and statutory

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-        F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1 violations, all to her damage as hereinafter stated. Defendants'
2 actions and omissions to act constituted discrimination against
3 plaintiff on the sole basis that she was physically disabled and
4 unable, because of the architectural barriers created and/or
5 maintained by the defendants in violation of the subject laws, to
6 use the Bella Roma Restaurant public facilities on a "full and
7 equal" basis as other persons. Plaintiff also seeks <u>trebling</u> of
8 all actual damages, as provided by Civil Code §54.3.

9     16. The lack of proper access features as pled herein
10 prevents plaintiff from equal use of the premises and thus
11 continues to discriminate against her and deny her "full and equal
12 access" on a daily basis at all times since her visit on January
13 17, 2003. Further, any violation of the Americans With
14 Disabilities Act of 1990, (as pled in the Second Cause of Action
15 hereinbelow, the contents of which are repled and incorporated
16 herein, word for word, as if separately repled), also constitutes
17 a violation of Civil Code §54(c) and §54.1(d), thus independently
18 justifying an award of damages and injunctive relief pursuant to
19 California law, including but not limited to Civil Code §§54.3 and
20 55.

21     17. As a result of defendants' acts and omissions in
22 this regard, plaintiff CHRISTINA ADAMS has been required to incur
23 legal expenses and attorney fees, as provided by statute, in order
24 to enforce plaintiff's rights and to enforce provisions of the law
25 protecting access for disabled persons and prohibiting
26 discrimination against disabled persons. Plaintiff therefore seeks
27 recovery of all reasonable attorneys' fees and costs, pursuant to
28 the provisions of Civil Code §54.3. Additionally, plaintiff's

**LAW OFFICES OF**
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -9-  F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1 lawsuit is intended not only to obtain compensation for damages to
2 plaintiff, but also to require the defendants to make their
3 facilities accessible to all disabled members of the public,
4 justifying "public interest" attorneys' fees pursuant to the
5 provisions of California Code of Civil Procedure §1021.5.

6   18. Despite plaintiff's complaints to Bella Roma's
7 management, through it's employees, at the time of the visit,
8 defendants have, on information and belief, taken no action since
9 the date of plaintiff's visit of January 17, 2003 to provide a
10 proper and lawful wheelchair accessible entrance, accessible
11 restroom or other lawful accommodation for disabled persons,
12 including those who use wheelchairs, who continue on a daily basis
13 to be denied entrance to and full and equal access to and use of
14 defendants' restaurant.  On information and belief, plaintiff
15 alleges that defendants were made aware of their duties under the
16 ADA and California law to remove architectural barriers and make
17 the restaurant accessible to wheelchair users prior to the filing
18 of this complaint.  Notwithstanding prior notice, and the notice
19 they received when plaintiff complained on January 17, 2003 when
20 she was unable to enter the restaurant except through the back door
21 and kitchen, defendants have failed to take any action to remove
22 the subject architectural barriers.  These circumstances, plus
23 defendants' false representations to plaintiff through public
24 articles advertising that the restaurant was "wheelchair
25 accessible," indicate implied malice toward plaintiff by defendants
26 in conscious disregard for the rights and safety of plaintiff and
27 of other disabled persons.

28   19. Plaintiff has been damaged by defendants' wrongful

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -10-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  conduct and seeks the relief that is afforded by sections 54.1,
2  54.3 and 55 of the California Civil Code.  Plaintiff seeks actual
3  damages, treble damages, and preliminary and injunctive relief to
4  enjoin and eliminate the discriminatory practices of defendants
5  respecting denial of equal access for disabled persons, and
6  reasonable attorney fees, litigation expenses and costs.

7  20.  <u>Request for Injunctive Relief</u>:  The acts and
8  omissions of defendants as complained of herein are continuing on
9  a day-by-day basis to have the effect of wrongfully excluding
10 plaintiff (a resident of Santa Cruz) and other members of the
11 public who are physically disabled wheelchair users from full and
12 equal access to that public accommodation known as the BELLA ROMA
13 RESTAURANT.  Such acts and omissions are the cause of humiliation
14 and mental and emotional suffering of plaintiff, in that these
15 actions continue to treat plaintiff as an inferior and second class
16 citizen and serve to discriminate against her on the sole basis
17 that she is a person with a disability and requires the use of a
18 wheelchair for movement in public places.  Plaintiff is unable, so
19 long as such acts and omissions of defendants continue, to achieve
20 equal access to and use of this public restaurant and its related
21 facilities.  The acts of defendants have proximately caused and
22 will continue to cause irreparable injury to plaintiff if not
23 enjoined by this court.

24 21.  Wherefore, plaintiff asks this court to
25 preliminarily and permanently enjoin any continuing refusal by
26 defendants to grant such access to plaintiff and to require
27 defendants to comply forthwith with the applicable statutory
28 requirements relating to access for disabled persons.  California

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -11-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  Health & Safety Code §19953 and California Civil Code §55 provide
2  such injunctive relief. Plaintiff further requests that the court
3  award attorneys' fees, litigation expenses and costs to plaintiff
4  pursuant to Health & Safety Code §19953, Civil Code §55, and Code
5  of Civil Procedure §1021.5, all as hereinafter prayed for.
6    Wherefore, plaintiff prays for damages and injunctive
7  relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§12101 et seq.**

11  22. Plaintiff repleads and incorporate by reference, as
12  if fully set forth again herein, the allegations contained in
13  Paragraphs 1 through 21 of this Complaint, and incorporate them
14  herein as if separately repled.

15  23. Pursuant to law, in 1990 the United States Congress
16  made findings per 42 US §12101 regarding physically disabled
17  persons, finding that laws were needed to more fully protect "some
18  43 million Americans with one or more physical or mental
19  disabilities;" that "historically society has tended to isolate and
20  segregate individuals with disabilities;" that "such forms of
21  discrimination against individuals with disabilities continue to be
22  a serious and pervasive social problem;" that "the Nation's proper
23  goals regarding individuals with disabilities are to assure
24  equality of opportunity, full participation, independent living and
25  economic self sufficiency for such individuals;" and that "the
26  continuing existence of unfair and unnecessary discrimination and
27  prejudice denies people with disabilities the opportunity to
28  compete on an equal basis and to pursue those opportunities for

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -12-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  which our free society is justifiably famous..."

2        24.  Congress stated, regarding its purpose in passing
3  the Americans with Disabilities Act (42 USC §12101(b))

4     It is the purpose of this act:

5        (1) to provide a clear and comprehensive national
           mandate for the elimination of discrimination against
6          individuals with disabilities;

7        (2) to provide clear, strong, consistent,
           enforceable standards addressing discrimination against
8          individuals with disabilities;

9        (3) to ensure that the Federal government plays a
           central role in enforcing the standards established in
10         this act on behalf of individuals with disabilities; and

11       (4) to invoke the sweep of Congressional authority,
           including the power to enforce the 14th Amendment and to
12         regulate commerce, in order to address the major areas of
           discrimination faced day to day by people with
13         disabilities. (Emphasis added)

14       25.  As part of the Americans with Disabilities Act of
15  1990, Public Law 101-336, (hereinafter the "ADA"), Congress passed
16  "Title III - Public Accommodations and Services Operated by Private
17  Entities" (42 USC §§12181 et seq.).  Among "private entities" which
18  are considered "public accommodations" for purposes of this title
19  are "...a restaurant, bar or other establishment serving food or
20  drink." (§301(7)(B)).

21       26.  Pursuant to 42 USC §12182, Title III §302 "[n]o
22  individual shall be discriminated against on the basis of
23  disability in the full and equal enjoyment of the goods, services,
24  facilities, privileges, advantages, or accommodations of any place
25  of public accommodation by any person who owns, leases, or leases
26  to, or operates a place of public accommodation."

27       27.  Among the specific prohibitions against
28  discrimination were included:

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -13-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff, including but not limited to §§36.301, 36.302, 36.303, 36.304, 36.305, and §§36.401, 36.402, 36.403, 36.406, and §§36.501, 36.504 and 36.505.

28.  The removal of each of the barriers complained of by plaintiff CHRISTINA ADAMS, as hereinabove alleged, was at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act.  On information and belief, alterations after January 26, 1992 also triggered access

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -14-    F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  requirements per § 303 of the ADA, and the local building
2  department was not authorized by law to give any exceptions to such
3  requirements. Further, local building departments of California
4  authorized by law to grant any exceptions to the "readily
5  achievable" requirements of the ADA, Title III. As noted
6  hereinabove, removal of each and every one of the architectural
7  barriers complained of herein was also required under California
8  law and § 303 of the ADA.
9       29. On information and belief, as of the date of
10 plaintiff's visit on January 17, 2003, and as of the date of the
11 filing of this complaint, the premises denied, and continue to
12 deny, full and equal access to plaintiff and to other disabled
13 wheelchair users in other respects, which violated plaintiff's
14 right to full and equal access, and discriminated against plaintiff
15 on the basis of her disability, thus wrongfully denying to
16 plaintiff full and equal enjoyment of the goods, services,
17 facilities, privileges, advantages and accommodations at this
18 restaurant, in violation of Title III, §302 of the ADA, 42 USC
19 §12182.
20      30. Further, for a facility or part thereof that was
21 altered after the effective date of §303 of the ADA in such a
22 manner as to affect or that could affect the usability of the
23 facility or part thereof by persons with disabilities,
24 "discrimination" under the ADA also includes, per section 303(a)(2)
25 [42 U.S.C. 12183], "a failure to make alterations in such a manner
26 that, to the maximum extent feasible, the altered portions of the
27 facility are readily accessible to and usable by individuals with
28 disabilities, including individuals who use wheelchairs."

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -15-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

1  Additionally, for alterations to areas of a facility involving a
2  "primary function," discrimination under the ADA, per 303(a)(2) (42
3  U.S.C. 12183), also includes the failure of an entity "to make the
4  alterations in such a manner that, to the maximum extent feasible,
5  the path of travel to the altered area and the bathrooms,
6  telephones, and drinking fountains serving the altered area, are
7  readily accessible to and usable by individuals with disabilities."
8  On information and belief, defendants have, since the effective
9  date of §303 of the ADA, performed alterations (including
10 alterations to areas of primary function) to the subject building,
11 and its facilities, which fail to provide facilities and paths of
12 travel to such areas that are readily accessible to and usable by
13 individuals with disabilities, in violation of section 303(a)(2),
14 and the regulations promulgated thereunder, 28 CFR Part 36ff.

15          31.  Pursuant to the Americans with Disabilities Act of
16 1990, 42 USC 12188ff, §308, plaintiff is entitled to the remedies
17 and procedures set forth in §204(a) of the Civil Rights Act of
18 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected to
19 discrimination on the basis of her disability in violation of this
20 title or has reasonable grounds for believing that she is about to
21 be subjected to discrimination in violation of §302.  On
22 information and belief, defendants have continued to violate the
23 law and deny the rights of plaintiff and of other disabled persons
24 to access this public accommodation since on or before January 17,
25 2003.  Pursuant to section 308(a)(2), "[i]n cases of violations of
26 §302(b)(2)(A)(iv)... injunctive relief shall include an order to
27 alter facilities to make such facilities readily accessible to and
28 usable by individuals with disabilities to the extent required by

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -16-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

this title."

32. Plaintiff seeks relief pursuant to remedies set forth in §204, subsection (a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3, subsection (a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and/or who has reasonable grounds for believing she will be subjected to such discrimination each time that she attempts to use the facilities and services of the BELLA ROMA RESTAURANT.

Wherefore, plaintiff prays for relief as hereinafter stated:

**PRAYER**

WHEREFORE, plaintiff prays as follows:

1. That those of the defendants that currently own, operate, and/or lease (from or to) the subject BELLA ROMA RESTAURANT be preliminarily and permanently enjoined from operating and maintaining such public facilities as public accommodations, so long as disabled persons are not provided full and equal access to the accommodations and facilities, in violation of rights provided by §§54, 54.1, and 55 et seq., of the Civil Code, § 19955 et seq. Health & Safety Code, §4450, et seq. Government Code, the American Standard Specifications (A117.1-1961), or such other standards, including those of the State Architect's Regulations for Handicapped Access, as found in Title 24 of the California Administrative Code or other regulations as are currently required by law; and that defendants be ordered to come into compliance with

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -17-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

the Americans with Disabilities Act of 1990, including an order that those of the defendants that currently own, operate, and/or lease (from or to) the facilities at the subject BELLA ROMA RESTAURANT, inter alia, "alter the subject facilities to make such facilities readily accessible to and usable by individuals with disabilities," and institute reasonable modifications in policies and practices, per §308 of Public Law 101-336 (the ADA);

2. General, compensatory, and statutory damages, and all damages as afforded by Civil Code §54.3, including treble damages, for each day on which defendants have denied to plaintiff equal access for the disabled, commencing on the date plaintiff's visit of January 17, 2003, according to proof.

3. Attorney fees, litigation expenses and costs pursuant to §54.3 and 55 of the Civil Code, §19953 Health & Safety Code, §1021.5 Code of Civil Procedure, and §505 of the ADA;

4. For all costs of suit;

5. Prejudgment interest pursuant to §3291 of the Civil Code;

6. Such other and further relief as the Court may deem just and proper.


Dated: July __, 2003          PAUL L. REIN
                              PATRICIA BARBOSA
                              LAW OFFICES OF PAUL L. REIN



                              _____
                              Attorneys for Plaintiff
                              CHRISTINA ADAMS

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -18-   F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: July __, 203       PAUL L. REIN
                          PATRICIA BARBOSA
                          LAW OFFICES OF PAUL L. REIN


                          _____
                          Attorneys for Plaintiff
                          CHRISTINA ADAMS


## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July __, 2003      PAUL L. REIN
                          PATRICIA BARBOSA
                          LAW OFFICES OF PAUL L. REIN


                          _____
                          Attorneys for Plaintiff
                          CHRISTINA ADAMS

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -19-        F:\FILES\BELLA ROMA\BELLA ROMA.CMP.wpd